# SEYFARTH SHAW

Seyfarth Shaw LLP

620 Eighth Avenue

New York, New York  10018

(212) 218-5500

fax (212) 218-5526

www.seyfarth.com

Writer's direct phone
(212) 218-5629

Writer's e-mail
rwhitman@seyfarth.com

October 26, 2018

**VIA ECF**

Hon. Paul G. Gardephe
U.S. District Court for the Southern District of New York
40 Foley Square, Courtroom 705
New York, NY 10007

>   Re:   **Graczyk, et al. v. Verizon Communications, Inc., et al.,**
>         **Case No. 18-cv-06465-PGG**

Dear Judge Gardephe:

We represent Defendant Verizon Communications, Inc. ("VCI") in the above-captioned action.  We write, pursuant to Your Honor's Individual Rules, to request a pre-motion conference in connection with VCI's anticipated motion to dismiss.  In brief, VCI intends to move to dismiss on four grounds: (1) Plaintiffs have sued the wrong Verizon entity; (2) venue is improper; (3) Plaintiffs' FLSA claims are time-barred; and (4) Plaintiff Don Davis released his FLSA claim in a prior litigation.

## I.    Plaintiffs Have Sued The Wrong Verizon Entity

Plaintiffs assert claims under the Fair Labor Standards Act ("FLSA") and the District of Columbia Minimum Wage Act in connection with work they performed in April-June 2016 as strike replacement workers.  They contend that they were classified as "independent contractors" for alleged "subordinate entities" of VCI but were, in reality, "employee(s)" of these "subordinate entities."  (Compl. ¶¶ 3, 7-9.)  Plaintiffs further state that VCI was their "joint employer," through what Plaintiffs contend was "fissured employment."  (*Id.* ¶ 3.)

VCI was not involved in retaining or contracting with Plaintiffs or any of the alleged "subordinate entities" in connection with the work they allegedly performed.  The Verizon-affiliate that did contract for cable slicing work during the applicable timeframe was Verizon Sourcing LLC ("Verizon Sourcing").  Moreover, the Verizon Sourcing contracts for this work are incorporated by reference in the Complaint (*see id.* ¶¶ 20, 34), and thus may be considered on a motion to dismiss to establish that VCI is not the appropriate defendant here.



## II.     The Case Should Be Dismissed for Improper Venue

Venue is proper in any judicial district in which: (1) "all defendants are residents"; (2) "a substantial part of the events or omissions giving rise to the claim occurred"; or (3) "if there is no district in which an action may otherwise be brought . . . any judicial district in which any defendant is subject" to personal jurisdiction.  28 U.S.C. § 1391.  None of these grounds is satisfied here.

First, VCI's co-defendant, PS Splicing, is not a resident of this District.  (*See* PS Splicing Answer (ECF No. 30) at Aff. Def. #2.)  The Complaint does not even allege that venue is proper as to PS Splicing.  (*See* Compl. ¶ 6.)  Likewise, the correct Verizon-affiliate with respect to the Complaint's allegations, Verizon Sourcing, is a Delaware limited liability company with its principal place of business in Basking Ridge, New Jersey.

Second, a "substantial part of the events or omissions" at issue did not occur within the Southern District of New York.  To the contrary, Plaintiffs' allegations solely concern work they performed entirely within the District of Columbia.  (*See* Compl. ¶¶ 7-9.)

Third, venue would be proper in at least one other District: the U.S. District Court for the District of Columbia.  This is where Plaintiffs worked and thus is where a "substantial part of the events or omissions" occurred.

As such, this case should be dismissed for improper venue.  *See Can't Live Without It, LLC v. CSS, Inc*, 2018 WL 4265906, at *2 (S.D.N.Y. 2018).

## III.     The FLSA Claims Are Time-Barred

The FLSA provides for a two-year limitations period, or three years for "willful violations." 29 U.S.C. § 255.  Here, Plaintiffs' allegations concern work performed from "April 2016 to June 2016."  (Compl. ¶¶ 7-9.)  Yet Plaintiffs did not commence this action until July 17, 2018, more than two years later.  Accordingly, Plaintiffs can assert timely claims only if they sufficiently plead "willful" violations.

They have not done so.  The Complaint's allegations of "willful" FLSA violations conduct are conclusory at best.  (*See id.* ¶¶ 42, 64(d).)  The most they allege is that the "net effect of Defendants' policies and practices, instituted and approved by Verizon managers, is that Defendants willfully failed to pay" overtime (*id.* ¶ 42), which is insufficient.  *See Watkins v. First Student, Inc.*, 2018 WL 1135480, at *7 (S.D.N.Y. 2018) (conclusory allegations of willfulness are insufficient) (collecting cases).

Absent sufficient allegations of willfulness, Plaintiffs' FLSA claims must be dismissed as time-barred.  *Watkins*, 2018 WL at *8 (dismissing claim because plaintiff "failed to plead sufficient facts to render plausible the conclusion that Defendant acted willfully"); *Bojaj v. Moro Food Corp.*, 2014 WL 6055771, at *3 (S.D.N.Y. 2014) (dismissing claim for failure to "plead[] facts sufficient to state a plausible claim of a willful FLSA violation").



**IV.**     **Plaintiff Don Davis Released His FLSA Claim**

   In an earlier litigation, *Donoghue v. Verizon Communications, Inc.*, 16-cv-04742 (E.D. Pa.), Plaintiff Don Davis participated in the settlement and release his FLSA claim.  That settlement resolved identical FLSA claims concerning identical alleged conduct (*i.e.*, the alleged misclassification of cable splicers as independent contractors during the April-May 2016 strike).  By submitting a payment claim pursuant to that settlement, Davis released his FLSA claim relating to that period, and is barred from asserting the same claim here.  Moreover, pursuant to the settlement agreement in *Donoghue*, Davis is liable for Defendants' attorneys' fees for his breach.

   VCI has repeatedly brought the issue of Davis's release to Plaintiffs' attention, but they have not voluntarily dismissed his claims.

   Plaintiffs do not consent to VCI's proposed motion.

   We thank the Court for its attention to this matter.

        Respectfully submitted,

        SEYFARTH SHAW LLP

        */s/ Robert S. Whitman*

        Robert S. Whitman

cc:  All counsel of record (via ECF)