**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RODNEY GRACZYK, DON DAVIS and JERRY RIDDLE, | Civil Action No. 2:18-cv-6465 |
| Plaintiffs, | |
| v. | |
| VERIZON COMMUNICATIONS, INC., and PS SPLICING, LLC, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**VERIZON COMMUNICATIONS INC.'S MOTION TO DISMISS**

Dated: New York, New York
February 11, 2019

SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

Attorneys for Defendant
*Verizon Communications Inc.*

54864209v.3

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................. 1

ARGUMENT ........................................................................................... 2

I.     THE CASE SHOULD BE DISMISSED FOR IMPROPER VENUE............................. 2

     A.    Venue Is Proper Only In The District Of Columbia ................................. 3

     B.    The Case Should Be Dismissed Rather Than Transferred Because
           Plaintiffs Should Not Be Rewarded for Jurisdictional Gamemanship................... 5

II.    PLAINTIFFS' COMPLAINT MUST BE DISMISSED AGAINST VCI........................ 8

III.   THE FLSA CLAIMS ARE TIME-BARRED AND NO SUPPLEMENTAL
       JURISDICTION EXISTS OVER THE STATE LAW CLAIMS.................................... 14

III.   THE FLSA CLAIM OF PLAINTIFF DON DAVIS MUST BE DISMISSED................ 15

54864209v.3

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Apolinar v. R.J. 49 REST., LLC*
2016 WL 2903278 (S.D.N.Y. 2016) .................................................................................11

*Balut v. Loral Elec. Sys.*,
988 F. Supp. 339 (S.D.N.Y. 1997) ...........................................................................10 n. 5

*Bojaj v. Moro Food Corp.*,
2014 WL 6055771 (S.D.N.Y. 2014) ..........................................................................14, 15

*Bonn-Wittingham v. Project O.H.R. (Office for Homecare Referral), Inc.*,
2016 WL 7243541 (E.D.N.Y. 2016) .................................................................................10

*Bristol-Myers Squibb Co. v. Super. Court of Cal.*,
137 S. Ct. 1773 (2017) ....................................................................................................12

*Brown v. Daikin Am. Inc.*,
756 F.3d 219, 226 (2d Cir. 2014) ......................................................................................9

*Can't Live Without It, LLC v. CSS, Inc*,
2018 WL 4265906 (S.D.N.Y. 2018) ..................................................................................5

*Clerc v. Cantoni, Inc.*,
2002 U.S. Dist. LEXIS 12402 (S.D.N.Y. 2002) ...............................................................3

*Cook v. Arrowsmith Shelburne, Inc.*,
69 F.3d 1235 (2d Cir. 1995) ..............................................................................................9

*Daimler AG v. Bauman*,
134 S. Ct. 746 (2014) .......................................................................................................12

*Daniel v. Am. Bd. Of Emerg. Medicine*,
428 F.3d 408 (2d Cir. 2005) ..........................................................................................3, 4

*Daros v. Tokoyo*,
2005 WL 1229734 (E.D.N.Y. 2005) ..............................................................................6, 8

*DiFolco v. MSNBC Cable L.L.C.*,
622 F.3d 104 (2d Cir. 2010) .........................................................................................9 n.4

*Donoghue v. Verizon Communications, Inc.*,
16-cv-04742 (E.D. Pa.) .................................................................................7, 11, 12, 13

- ii -

*Duffy v. Drake Beam Morin*,
    1998 U.S. Dist. LEXIS 7215 (S.D.N.Y. 1998) ............................................................... 10 n. 5

*Feldman v. L & M Mowing, Inc.*,
    1999 WL 284983 (E.D.N.Y. 1999) ................................................................................ 8

*Garmendia v. Bd. of Managers of 255 Cabrini Blvd. Condo. Ass'n.*,
    2016 WL 751015 (S.D.N.Y. 2016) ............................................................................... 10

*Gates v. Wilkinson*,
    2003 U.S. Dist. LEXIS 9417 (S.D.N.Y. 2003) ............................................................... 6 n.2

*Justiniano v. First Student Mgmt. LLC*,
    2017 U.S. Dist. LEXIS 65379 (E.D.N.Y. 2017) ........................................................... 12-13

*Lawrence v. Int'l Bus. Mach. Corp.*,
    2017 WL 3278917, at *6 (S.D.N.Y. 2017) ................................................................... 10

*Krizek v. Queens Med. Ctr.*,
    2018 U.S. Dist. LEXIS 125378 (S.D.N.Y. 2018) ........................................................... 6 n.2

*Maclin v. Reliable Reports of Tex., Inc.*,
    314 F. Supp. 3d 845 (N.D. Ohio 2018) ....................................................................... 13

*Meeker v. Starfish Cildren's Srvs.*,
    2016 WL 5921084 (S.D.N.Y. 2016) .............................................................................. 4

*New York State Teamsters Conference Pension & Ret. Fund by Scalzo v. C&S
    Wholesale Grocers, Inc.,,*
    2017 WL 1628896 (N.D.N.Y. 2017) ........................................................................... 10

*Nichols v. G.D. Searle & Co.*,
    991 F.2d 1195 .............................................................................................................. 7

*Nieto v. Vill. Red Rest. Corp.*,
    2017 WL 4539327 (S.D.N.Y. 2017) ............................................................................. 10

*Nike, Inc. v. Already, LLC*,
    2011 U.S. Dist. LEXIS 9626 (S.D.N.Y. Jan. 20, 2011) ................................................. 13

*Pampillonia v. RJR Nabisco. Inc.*,
    138 F.3d 459 (2d Cir. 1998) ........................................................................................ 13

*Roy v. FedEx Ground Package Sys., Inc.*,
    2018 WL 6179504 (D. Mass. 2018) ............................................................................ 13

*Smith v. Westchester Cty.*,
    769 F. Supp. 2d 448 (S.D.N.Y. 2011) .......................................................................... 9

- iii -

*Spar, Inc. v. Information Resources, Inc.*,
  956 F.2d 392 (2d Cir. 1992) ................................................................................ 6-7

*SPV OSUS Ltd. v. UBS AG*,
  882 F.3d 333 (2d Cir. 2018) .................................................................................12

*Stanifer v. Brannan*,
  564 F.3d 455 (6th Cir. 2009) .................................................................................6

*Watkins v. First Student, Inc.*,
  2018 WL 1135480 (S.D.N.Y. 2018) ................................................................ 14-15

*Wohlbach v. Ziady*,
  2018 WL 3611928 (S.D.N.Y. 2018) .......................................................................8

**Statutes**

28 U.S.C. § 1391 ................................................................................................2, 3, 6

28 U.S.C. § 1406 ................................................................................................4, 5, 6

29 U.S.C. § 255 ......................................................................................................12

District of Columbia Minimum Wage Act ...................................................................7

FLSA ........................................................................................................... *passim*

Defendant Verizon Communications Inc. ("VCI") respectfully submits this Memorandum of Law in support of its Motion to Dismiss.

## PRELIMINARY STATEMENT

Nearly three years ago, Plaintiffs (none of whom are New York residents) performed services in Washington D.C. for a North Carolina company (PS Splicing), which in turn was indirectly providing services to a New Jersey company (Verizon Sourcing LLC).  Despite having no personal connections to New York, either through their residences or their work, Plaintiffs sued here.  In an effort to manufacture personal jurisdiction in this Court, Plaintiffs knowingly sued the wrong Verizon entity, Verizon Communications Inc. ("VCI").  Then, after being called out on their tactic, they failed to either amend their Complaint to name the correct defendant or to re-file in a proper forum.  Their motive is clear: jurisdictional gamesmanship.  They hope to certify an eight-state collective action, and they know that they could not do so if they sued in the correct venue (the United States District Court for the District of Columbia) or if they named the proper Verizon entity (Verizon Sourcing).

With that backdrop, their Complaint must be dismissed for three reasons:

*First*, Plaintiffs have chosen the wrong venue.  PS Splicing and VCI are residents of different states, making the Southern District of New York an improper venue under 28 U.S.C. § 1391(b)(1).  Venue is also improper under § 1391(b)(2) because no events relating to Plaintiffs' claims occurred here.  And because an alternative, appropriate forum exists (the United States District Court for the District of Columbia), venue pursuant to § 1391(b)(3) is not an option.

*Second*, Plaintiffs named the wrong entity.  The underlying contracts make clear that Verizon Sourcing, not VCI, engaged PS.  Accordingly, there was no legitimate basis to name VCI in this lawsuit, and Plaintiffs do not (and cannot) plead any facts to suggest otherwise.  This

- 1 -

is true even with their convoluted, conclusory, and inapplicable claims of "fissured employment."

**Third,** Plaintiffs' claims are time-barred.  The two-year FLSA statute of limitations expired before they filed suit.  And Plaintiffs plead no facts to support the existence of any "willful" violations sufficient to justify a three-year limitations period.  Moreover, with the FLSA claims dismissed, this Court lacks supplemental jurisdiction over the remaining District of Columbia-based wage and hour claims.  And Plaintiffs do not allege any other grounds for permitting this Court to exercise subject matter jurisdiction over those claims.

For these reasons, Plaintiffs' claims must be dismissed in their entirety.  At a minimum, they must be dismissed as to VCI.

## ARGUMENT

## I.    THE CASE SHOULD BE DISMISSED FOR IMPROPER VENUE

Plaintiffs assert that venue is proper in the Southern District of New York solely because VCI "is headquartered in this District, resides in this District and conducts business in this District."  (Compl. ¶ 6.)  This is not sufficient.

Venue is proper in (1) "a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located"; (2) a judicial district where "a substantial part of the events or omissions giving rise to the claim occurred"; or (3) "*if there is no district in which an action may otherwise be brought* . . . any judicial district in which any defendant is subject" to personal jurisdiction.  28 U.S.C. § 1391(b) (emphasis added).  None of these grounds is satisfied here.

**A.      Venue Is Proper Only In The United States District Court For The District Of Columbia**

By naming VCI as the Verizon defendant, and suing within the State of New York (where VCI maintains its principal place of business), Plaintiffs have engaged in a litigation tactic to attempt to include potential opt-in plaintiffs outside New York State as part of a multi-state collective.  This is precisely the type of gamesmanship that the venue statute was designed to prevent. *See Daniel v. Am. Bd. Of Emerg. Med.*, 428 F.3d 408, 432 (2d Cir. 2005) ("[A]s the Supreme Court explained before the amendment of section 1391, '[i]n most instances, the purpose of statutorily defined venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial.'" (quoting *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183-84 (1979) (emphasis in original)).  Plaintiffs' gambit should not be condoned. Pursuant to 28 U.S.C. § 1391, venue is proper only in the United States District Court for the District of Columbia.

To begin with, Plaintiffs' reliance on 28 U.S.C. § 1391(b)(1) to establish venue in the Southern District of New York is misplaced. (*See* Compl. ¶ 6).  Venue is only proper under (b)(1) if *all defendants* are residents of the same State. 28 U.S.C. § 1391(b)(1).  In this case, not "all defendants" are New York residents: Defendant PS Splicing is a resident of North Carolina. (*See* Compl. ¶ 11; PS Splicing Answer (ECF No. 30) at Aff. Def. #2.)  Likewise, the correct Verizon entity with respect to the Complaint's allegations, Verizon Sourcing, is a Delaware limited liability company with its principal place of business in Basking Ridge, New Jersey. (*See* Declaration of Paula Harris ("Harris Decl.") ¶ 13.[1])  Therefore, 28 U.S.C. § 1391(b)(1) is not an option for establishing venue in this action. *See Clerc v. Cantoni, Inc.*, 2002 U.S. Dist. LEXIS 12402, at *14 (S.D.N.Y. 2002) (venue improper where defendant was incorporated in

---

[1] The Harris Declaration is being submitted in connection with VCI's opposition to conditional certification.

Delaware with principal place of business in Texas, and other named defendants were also not located in New York).

In contrast, there is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(2) – and it is not the Southern District of New York.  Rather, because a "substantial part of the events or omissions" at issue took place within the District of Columbia, and because none of Plaintiffs' allegations point to another judicial district where a *substantial part* of the activities took place, the only district where venue is proper under Section 1391(b)(2) is the United States District Court for the District of Columbia.  Indeed, all three of Plaintiffs' allegations concern work they performed entirely within the District of Columbia.  (*See* Compl. ¶¶ 7-9.)  The Complaint alleges no specific facts whatsoever concerning acts or omissions that took place within New York (or anywhere else other than Washington, D.C.).  Accordingly, the United States District Court for the District of Columbia is the only proper venue for this action pursuant to § 1391(b)(2).

Finally, because venue is proper in at least one other district (the United States District Court for the District of Columbia), Plaintiffs may not avail themselves of 28 U.S.C. § 1391(b)(3).  The law in this circuit is clear.  "[T]he phrase 'if there is no district in which the action may otherwise be brought' indicates that venue may be based on that subsection only if venue cannot be established in another district pursuant to any other venue provision." *Daniel*, 428 F.3d at 434-35; *see also Meeker v. Starfish Cildren's Srvs.*, 2016 WL 5921084 at *3 (S.D.N.Y. 2016).

In their response to VCI's pre-motion letter, Plaintiffs contend that venue is proper in this District "[s]o long as [VCI] remains in the litigation" (ECF No. 32 at 3.)  Plaintiffs are wrong: PS Splicing is not a resident of New York, and VCI's residency alone cannot support venue.  *See* 28 U.S.C. § 1391(b)(1).  And the fact that VCI resides and does business in New York, together

- 4 -

with Plaintiffs' conclusory allegation that VCI served as a joint employer (*see* Compl. ¶ 6), is wholly insufficient to satisfy the "substantial part" requirement of § 1391(b)(2).  *See Bay Ridge Mech. Corp. v. JPK Drafting & Design LLC*, 2017 WL 74734, at *2 (S.D.N.Y. 2017) (a defendant's residency in the district is "insufficient" to support venue under § 1392(b)(2)). Plaintiffs' allegations say nothing about what, if anything, VCI did in connection with their claims *in the Southern District of New York*.  *See, e.g. Krondes v. Nationstar Mortg., LLC*, 2018 WL 2943774, at *5 (S.D.N.Y. 2018) (venue under § 1392(b)(2) in the S.D.N.Y. was improper because underlying events occurred in Connecticut, Texas, and California); *Detroit Coffee Co., LLC v. Soup for You, LLC*, 2018 WL 941747, at *3 (S.D.N.Y. 2018) (a "substantial part" of the events did not occur in the S.D.N.Y. because over 99.9% of the relevant sales occurred in other districts, with 95% occurring within Michigan).

As such, this case should be dismissed for improper venue.  *See Can't Live Without It, LLC v. CSS, Inc*, 2018 WL 4265906, at *2 (S.D.N.Y. 2018).

**B.     The Case Should Be Dismissed Rather Than Transferred Because Plaintiffs Should Not Be Rewarded for Jurisdictional Gamemanship**

The Court should dismiss Plaintiffs' Complaint rather than exercise its discretion to transfer the action to the United States District Court for the District of Columbia because the interests of justice will not be served by a transfer.

A district court may transfer actions pursuant to 28 U.S.C. § 1406(a) where transfer furthers the interests of justice. 28 U.S.C. §1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

"The concept of the 'interest of justice' applies to plaintiff and defendant alike." *Daros v. Tokoyo*, 2005 WL 1229734, at *2 (E.D.N.Y. 2005).[2]

This Circuit has recognized that although Section 1406 "should be read liberally," it was not designed to assist a party that failed to "pursue its claim diligently." *Spar, Inc. v. Information Resources, Inc.*, 956 F.2d 392, 393 (2d Cir. 1992) (affirming the dismissal rather than transfer of plaintiffs action despite the fact that transfer may have enabled an otherwise time-barred plaintiff to state a timely claim). Indeed, "district courts often dismiss a case, rather than transfer it under Section 1406(a), if the plaintiff's attorney reasonably could have foreseen that the forum in which the suit was filed was improper and [the court decides] that similar conduct should be discouraged….[A] district court is unlikely to be reversed if it does choose to dismiss." *Stanifer v. Brannan*, 564 F.3d 455, 460 (6th Cir. 2009) (quoting 3 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3827 at 602-04 (3d ed. 1998)).

Allowing a transfer in the action would reward Plaintiffs not only for their lack of diligence in choosing a proper forum, but also for their obvious gamesmanship. There can be no reason for Plaintiffs' choice of forum other than to attempt to manufacture general jurisdiction over potential opt-in plaintiffs outside of New York as part of a multi-state collective. In *Spar*, the Second Circuit analyzed the parameters of "the interest of justice" and recognized that a transfer did not further these interests where the plaintiff knowingly chooses the wrong forum or

---

[2] If the Court is disinclined to dismiss the matter outright, transfer – rather than denial of VCI's motion altogether - is an appropriate remedy. *See, e.g., Krizek v. Queens Med. Ctr.*, 2018 U.S. Dist. LEXIS 125378, at *5 (S.D.N.Y. 2018) (Gardephe, J.) (transferring case to District of Hawaii where many Defendants resided there and Hawaii law governed the dispute); *Gates v. Wilkinson*, 2003 U.S. Dist. LEXIS 9417, at *12-16 (S.D.N.Y. 2003) (finding venue improper where "substantial portion of events giving rise to t[he] cause of action" ocured in the Northern District of New York and refusing to afford "any weight" Plaintiff's choice of the Southern District because venue was not proper there).

otherwise exhibits a lack of diligence – even if that means that plaintiffs' claims would be time-barred. *Id.*[3]

As noted, all three of the named Plaintiffs worked in DC and nowhere else (*see* Compl. ¶¶ 7-9).  The only state law claims are under DC local wage payment laws.  (*See* Compl. ¶¶ 89-112.)  All of the alleged acts and omissions underlying the claims of employee status – supervision, control, etc. – occurred where the work was performed, and the Complaint contains no allegations concerning anything that happened anywhere other than in DC.

Moreover, even assuming *arguendo* that Plaintiffs had no improper motive in bringing this action against the wrong defendant in the wrong forum, the Complaint relies on Section 1391(b)(1) to establish venue – a clear error that Plaintiffs' attorneys could reasonably have foreseen before suing two defendants that reside in *different* districts. (*See* Compl. ¶¶ 6, 10-11). The language in Section 1391(b)(1) is unambiguous.  Venue is only proper pursuant to that provision if *all* defendants reside in the same district.  "[W]here a plaintiff's attorney files in the wrong jurisdiction not 'because they . . . made an erroneous guess with regard to an elusive fact,' but because he/she made an obvious error, transfer under section 1406 is inappropriate." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201-02 (4th Cir. 1993)(quoting *Goldlawr, Inc. v. Heinman*, 369 U.S. 463, 466 (1962)); *see also Spar, Inc.*, 956 F.2d at 394; *Deleski v. Raymark Industries, Inc.*, 819 F.2d 377, 381 (3d Cir.1987); *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir.1986); *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523 (9th Cir.1983); *Dubin v. United States*, 380 F.2d 813, 816 n. 5 (5th Cir.1967); *Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 579–80 (7th Cir.1989); *Saylor v. Dyniewski*, 836 F.2d 341, 345 (7th Cir.1988).

---

[3] In this case, Plaintiffs' claims are not yet time barred and they would be free to refile their case in the United States District Court for the District of Columbia against the proper Verizon defendant.

Courts in this Circuit have dismissed complaints instead of transferring them where, as here, the plaintiffs "failed to state even a colorable basis for venue." *Wohlbach v. Ziady*, 2018 WL 3611928, at *5 (S.D.N.Y. 2018) (dismissing plaintiff's complaint where plaintiff was aware before bringing suit that relevant events occurred in Delaware and defendants resided in Delaware); *see also Daros*, 2005 WL 1229734, at *2 (denying transfer due to "the complete lack of even a colorable basis for personal jurisdiction over the defendant in New York or proper venue in this District"); *Feldman v. L & M Mowing, Inc.*, 1999 WL 284983, at *3 (E.D.N.Y. 1999) (dismissal, not transfer, is appropriate when "the plaintiff knowingly chooses the wrong forum or otherwise exhibits a lack of diligence").

More to the point, Plaintiffs' attorneys always *knew* that VCI was an improper defendant. The *same* attorneys represented the plaintiffs in a related suit alleging substantively identical claims. *See Donoghue v. Verizon Communications, Inc.*, 16-cv-04742 (E.D. Pa.). And the *Donoghue* plaintiffs, represented by the *same* attorneys, stipulated to dismissing VCI in that action (*see id.* at ECF #76), because it was an improperly named defendant.

Accordingly, Plaintiffs' Complaint should be dismissed for improper venue.  The Court should also exercise its discretion and decline to transfer the matter to what would be the proper venue, because doing so will not further the interests of justice.

## II.    PLAINTIFFS' COMPLAINT MUST BE DISMISSED AGAINST VCI

Plaintiffs' allegations that VCI was their "joint employer" through what they contend was "fissured employment" are unsupported and implausible.  Verizon Sourcing – not VCI – entered into the contractual relationships at issue.  And Plaintiffs plead no facts regarding the relationship between Verizon Sourcing and VCI.

Defendant VCI is a holding company with just ten employees.  (*See* Harris Decl. ¶¶ 4, 8.) VCI conducts no business and provides no services of any kind to the public.  (*Id.* at ¶ 4.)  VCI

- 8 -

does not operate, manage, repair, or service copper or fiber cable.  (*Id.* at ¶ 5.)  VCI does not

operate, manage, or repair wireline telephone operations.  (*Id.*)  VCI's direct and indirect

subsidiaries include operating companies that provide communications services to various

customers around the country.  (*Id.* at ¶ 7.)

   VCI was not involved in retaining or contracting with Plaintiffs or any of the alleged

"subordinate entities" in connection with the work Plaintiffs allegedly performed.  (*See* Frei-

Pearson Decl. Exs. A-H, at ECF #44.)  The VCI subsidiary that did contract for cable splicing

work during the applicable timeframe was Verizon Sourcing.[4]  *Id.*  As such, there can be no

question that, if Plaintiffs seek to name a Verizon defendant, the proper defendant is Verizon

Sourcing, not VCI.

   To plead the existence of a joint or single employer relationship between VCI and

Verizon Sourcing, Plaintiffs must allege sufficient facts to show the existence of an integrated

enterprise under the following four-part test: (1) interrelation of operations, (2) centralized

control of labor relations, (3) common management, and (4) common ownership or financial

control.  *See Brown v. Daikin Am. Inc.*, 756 F.3d 219, 226 (2d Cir. 2014)*; Cook v. Arrowsmith

Shelburne, Inc.*, 69 F.3d 1235, 1240 (2d Cir. 1995).  Plaintiffs do not come close to doing so.

Indeed, they plead no facts whatsoever regarding any of these factors.  Plaintiffs do not, for

instance, plead any facts showing "that [VCI] exercised immediate control over [Verizon

Sourcing's] employees, that [VCI] controlled [Verizon Sourcing's] labor relations, or that

---

[4] The Verizon Sourcing contracts for this work are incorporated by reference in the Complaint
(*see id.* ¶¶ 20, 34), and thus may be considered on a motion to dismiss to establish that VCI is not
a properly named defendant here.  *See, e.g., DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111
(2d Cir. 2010) ("In considering a motion to dismiss . . . a district court may consider the facts
alleged in the complaint, documents attached to the complaint as exhibits, and
documents incorporated by reference in the complaint."); *Smith v. Westchester Cty.*, 769 F. Supp.
2d 448, 460-61 (S.D.N.Y. 2011) (same).

operations between [VCI] and [Verizon Sourcings] were interrelated in a way that is relevant to this analysis." *Lawrence v. Int'l Bus. Mach. Corp.*, 2017 WL 3278917, at *6 (S.D.N.Y. 2017). Indeed, other than providing basic identifying information about its corporate headquarters and the like (*see* Compl. ¶ 10), the Complaint contains no allegations at all regarding VCI, and nothing whatsoever about its relationship with Verizon Sourcing.  Accordingly, Plaintiffs' claims against VCI must be dismissed.  *See, e.g., Nieto v. Vill. Red Rest. Corp.*, 2017 WL 4539327, at *4 (S.D.N.Y. 2017) (dismissing alleged joint employer because plaintiff pleaded no facts beyond "some common management and ownership"); *Garmendia v. Bd. of Managers of 255 Cabrini Blvd. Condo. Ass'n*, 2016 WL 751015, at *5 (S.D.N.Y. 2016) ("common ownership without more is insufficient to create a joint employer situation"); *Bonn-Wittingham v. Project O.H.R. (Office for Homecare Referral), Inc.*, 2016 WL 7243541, at *10 (E.D.N.Y. 2016) (dismissing alleged joint employer because complaint failed to allege that entity "controlled personnel decisions"); *New York State Teamsters Conference Pension & Ret. Fund by Scalzo v. C&S Wholesale Grocers, Inc.*, 2017 WL 1628896, at *12 (N.D.N.Y. 2017) (dismissing alleged joint employer "after considering the contracts together with the scant allegations in the amended complaint").[5]

In Plaintiffs' response to VCI's pre-motion letter (ECF No. 32), they contend that VCI is a proper defendant because of its alleged status as a joint employer, which they posit cannot be determined on a motion to dismiss.  Plaintiffs miss the point.  The pertinent allegations in the Complaint concern joint employment status between "Verizon" and the various contractors, such as PS, that either retained the workers or engaged subcontractors to do so.  (Compl. ¶¶ 31-52.)

---

[5] *See generally Balut v. Loral Elec. Sys.*, 988 F. Supp. 339, 344 (S.D.N.Y. 1997) ("The doctrine [of limited liability] creates a strong presumption that a parent is not the employer of its subsidiary's employees."); *Duffy v. Drake Beam Morin*, 1998 U.S. Dist. LEXIS 7215, at *11 (S.D.N.Y. 1998) ("'[T]he law only treats the employees of a corporate entity as the employees of a related entity under extraordinary circumstances.'")

Those allegations say nothing about *which* Verizon entity is the alleged joint employer.  Nor do they support the existence of any joint employment relationship between the actual contracting entity within the Verizon corporate family (Verizon Sourcing) and VCI.

Plaintiffs will likely further argue that their "fissured employment" theory suffices to plead a claim.  It does not.  This theory has nothing to do with alleged joint employment between companies within the same corporate family.  The academic literature they cite (*see* Compl. ¶ 3 n.1) concerns business arrangements under which two or more distinct companies – such as a franchisor and franchisee for a retail store, or a property owner and site manager for a hotel – allegedly work in tandem to determine the wages, hours and working conditions of employees.  No such business arrangement is at issue here between VCI and its wholly owned subsidiary.  In any event, Plaintiffs "conclusory allegations" about what they call fissured employment are "insufficient to plausibly show that [VCI] was their employer for purposes of the FLSA." *Apolinar v. R.J. 49 REST., LLC*, 2016 WL 2903278, at *5 (S.D.N.Y. 2016).  Stated differently, nothing in the Complaint, accepted as true for purposes of this motion, could establish that Verizon Sourcing and VCI, its corporate parent, were both the alleged joint "employer" of the workers, or that VCI was the alleged joint employer instead of Verizon Sourcing notwithstanding the latter's status as the contracting company.

The distinction between VCI and Verizon Sourcing is not a mere technicality.  It has serious ramifications for the litigation of this dispute.  By naming VCI as the Verizon defendant, and suing in a District within the State of New York (where VCI is headquartered, *see* Compl. ¶ 10), Plaintiffs have engaged in a litigation tactic to attempt to obtain general jurisdiction over potential opt-in plaintiffs outside New York State as part of a multi-state collective.  A fundamental principle of personal jurisdiction is that in a corporation's home state, it is subject to

"general" jurisdiction (for a range of corporate activities), but in other states, it is subject only to "specific" jurisdiction (for acts relating directly to its activities in that state).  *See SPV OSUS Ltd. v. UBS AG*, 882 F.3d 333, 343 (2d Cir. 2018) (discussing principles of general and specific jurisdiction); *Bristol-Myers Squibb Co. v. Super. Court of Cal.*, 137 S. Ct. 1773, 1781-82 (2017) (state court lacked jurisdiction over claims of putative class members outside state when corporation was neither incorporated nor "at home" in the forum state).

The correct Verizon entity, Verizon Sourcing, is not subject to personal jurisdiction in the S.D.N.Y. in connection with Plaintiffs' claims.  Verizon Sourcing is a Delaware company with its principal place of business in New Jersey.  (*See* Harris Decl. ¶ 13.)  Accordingly, Plaintiffs cannot assert general jurisdiction over Verizon Sourcing in New York.  *See Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (in almost every instance, general jurisdiction over a corporation is only appropriate in a state where it is incorporated, or in a state where it maintains its principal place of business).

Nor can this Court exercise specific jurisdiction over Verizon Sourcing.  Plaintiffs are citizens of Ohio, Florida, and South Carolina whose alleged injuries occurred entirely within Washington, D.C.  (*See* Graczyk Decl.; Riddle Decl.; Davis Decl.)  Their claims do not concern any conduct that Verizon Sourcing directed at New York.  *See Bristol-Myers Squibb Co.*, 137 S. Ct. at 1782 (no specific jurisdiction because the "relevant plaintiffs are not California residents and do not claim to have suffered harm in that State"); *Justiniano v. First Student Mgmt. LLC*, 2017 U.S. Dist. LEXIS 65379, at *16-18 (E.D.N.Y. 2017) (court lacked specific jurisdiction over non-resident defendants when named plaintiffs' claims did not relate to defendants' contacts with New York, and rejecting argument that potential opt-in plaintiffs' claims may serve as basis for personal jurisdiction over named plaintiffs' claims).  And, because the Court lacks personal

jurisdiction over Plaintiffs' individual claims, it cannot even reach Plaintiffs' arguments regarding their fitness to represent a putative collective.  Accordingly, if Plaintiffs named the correct entity, the Court would have dismissed their claims for lack of personal jurisdiction.

If, alternatively, Plaintiffs sued in the District of Columbia – where each of them worked (*see* Compl. ¶¶ 7-9) – and named either VCI or Verizon Sourcing – they would also be limited to asserting specific jurisdiction as to activities within Washington, D.C.  *See Justiniano*, 2017 U.S. Dist. LEXIS 65379, at \*16-18; *see also Maclin v. Reliable Reports of Tex., Inc.*, 314 F. Supp. 3d 845, 849-50 (N.D. Ohio 2018) (court lacked jurisdiction over FLSA claims of non-Ohio plaintiffs where, *inter alia*, only 14 of its 438 employees work in Ohio and "corporate office" is located in Texas); *Roy v. FedEx Ground Package Sys., Inc.*, 2018 WL 6179504, at \*1 (D. Mass. 2018) (FLSA claims "of potential opt-in out-of-state employees do not provide the court with a basis to exercise personal jurisdiction over FedEx Ground as to such claims").[6]

This explains why Plaintiffs have named VCI, a Verizon entity with no direct connection to their claims, and have sued in New York, where no events relevant to their claims happened, solely because VCI is conveniently subject to general jurisdiction.  This Court should not countenance such "jurisdictional gamesmanship." *See Nike, Inc. v. Already, LLC*, 2011 U.S. Dist. LEXIS 9626, at \*22-23 (S.D.N.Y. 2011); *see also Pampillonia v. RJR Nabisco. Inc.*, 138 F.3d 459, 460-62 (2d Cir. 1998) ("[A] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no

---

[6] It is equally clear why Plaintiffs did not sue in the District of New Jersey, Verizon Sourcing's home state: supplemental workers in New Jersey, represented by the same attorneys, have already been subject to a settlement and release in *Donoghue v. Verizon Communications, Inc.*, 16-cv-04742 (E.D. Pa.) (ECF Nos. 84-3, 86).  Indeed, the definition of the putative FLSA collective in this action specifically *excludes* workers in New Jersey (as well as Pennsylvania, which was also covered by the release in *Donoghue*).  (*See* Compl. ¶ 53, defining putative collective to include replacement workers in Connecticut, DC, Maryland, Massachusetts, New York, Rhode Island, and Virgina.)

real connection with the controversy.").  And this is especially so given that Plaintiffs' attorneys

knew that VCI was an incorrect defendant even before they filed this suit.  *See Donoghue v.*

*Verizon Communications, Inc.*, 16-cv-04742, ECF #76 (E.D. Pa.).  Moreover, at the initial

conference on January 3, 2019, this Court offered Plaintiffs the opportunity to amend their

Complaint to remedy any pleading deficiencies, including by naming the proper Verizon entity

as a defendant.  They declined that invitation.

Plaintiffs should not now benefit from their insistence upon naming the wrong entity.

The Complaint must be dismissed as a matter of law as to VCI.

## III.   THE FLSA CLAIMS ARE TIME-BARRED AND NO SUPPLEMENTAL JURISDICTION EXISTS OVER THE STATE LAW CLAIMS

The FLSA provides for a two-year limitations period, or three years for "willful

violations."  29 U.S.C. § 255.  Here, Plaintiffs' allegations concern work performed from "April

2016 to June 2016."  (Compl. ¶¶ 7-9.)  Yet Plaintiffs did not commence this action until July 17,

2018, more than two years later.  Accordingly, Plaintiffs can assert timely claims only if they

sufficiently plead "willful" violations.

They have not done so.  The Complaint's allegations of "willful" FLSA violations

conduct are conclusory at best.  (*See id.* ¶¶ 42, 64(d).)  The most they allege is that the "net effect

of Defendants' policies and practices, instituted and approved by Verizon managers, is that

Defendants willfully failed to pay" overtime (*id.* ¶ 42), which is insufficient.  *See Watkins v.*

*First Student, Inc.*, 2018 WL 1135480, at *7-8 (S.D.N.Y. 2018) (conclusory allegations of

willfulness are insufficient) (collecting cases).  They have not alleged "facts about [VCI's]

conduct." *Bojaj v. Moro Food Corp.*, 2014 WL 6055771, at *3 (S.D.N.Y. 2014)

Absent sufficient allegations of willfulness, Plaintiffs' FLSA claims must be dismissed as

time-barred.  *Watkins*, 2018 WL 1135480at *8 (dismissing claim because plaintiff "failed to

plead sufficient facts to render plausible the conclusion that Defendant acted willfully";
plaintiff's sole allegation regarding willfulness was his speculation that discovery "will show the
carefully calculated and deliberate ways" which is insufficient to survive Rule 12(b)(6)'s
plausibility standard); *Bojaj*, 2014 WL 6055771, at *3  (dismissing claim for failure to "plead[]
facts sufficient to state a plausible claim of a willful FLSA violation," sole allegation was that
defendant's conduct was "similar" to allegedly illegal practices at a different establishment).

Because the Court should dismiss the federal claims, it should decline to exercise
supplemental jurisdiction over Plaintiffs' DC state law claims.  *See Lundy v. Catholic Health
Sys. of Long Island Inc.*, 711 F.3d 106, 118 (2d Cir. 2013) (federal courts should usually decline
to exercise supplemental jurisdiction after dismissing federal claims); *e.g., Jones v.
Bloomingdale's*, 2018 WL 6067227, at *7 (S.D.N.Y. 2018) ("Courts typically refrain from
exercising supplemental jurisdiction over state-law claims if all federal claims are dismissed").
And, because he Complaint does not allege any other basis for the Court to exercise subject
matter jurisdiction over these state law claims (*see* Compl. ¶ 5), the Court should also dismiss
them for lack of subject matter jurisdiction.

## IV.    THE FLSA CLAIM OF PLAINTIFF DON DAVIS MUST BE DISMISSED

In an earlier litigation, *Donoghue v. Verizon Communications, Inc.*, 16-cv-04742 (E.D.
Pa.), Plaintiff Don Davis participated in the settlement and released his FLSA claim.  That
settlement resolved identical FLSA claims concerning identical alleged conduct (*i.e.*, the alleged
misclassification of cable splicers as independent contractors during the April-May 2016 strike).
By submitting a payment claim pursuant to that settlement, Davis released his FLSA claim
relating to that period, and is barred from asserting the same claim here.  Moreover, pursuant to

the settlement agreement in *Donoghue*, Davis is liable for Defendants' attorneys' fees for his breach.

In their response to VCI's pre-motion letter (ECF No. 32), as well as at the initial conference on January 3, 2019, Plaintiffs acknowledged that Davis's FLSA claim must be dismissed on this basis and represented that they do not object to this Court's entry of an order to that effect.

## **CONCLUSION**

For the foregoing reasons, this Court should grant VCI's motion.

DATED:  February 11, 2019                              Respectfully submitted,

                                                      SEYFARTH SHAW LLP
                                                      620 Eighth Avenue
                                                      New York, New York  10018
                                                      Telephone:      (212) 218-5500
                                                      Facsimile:      (212) 218-5526

                                                      By:  /s/ *Jacob Oslick*
                                                              Michael F. Marino,
                                                              mmarino@seyfarth.com
                                                              Robert S. Whitman,
                                                              rwhitman@seyfarth.com
                                                              Jacob Oslick
                                                              joslick@seyfarth.com

                                                      *Attorneys for Defendant Verizon*
                                                      *Communications Inc.*

- 17 -

54864209v.3