**STEPHANZOURAS, LLP**
ATTORNEYS AT LAW

604 Spruce Street
Philadelphia, Pennsylvania 19106
P 215-873-4836 | F 312-233-1560
stephanzouras.com

June 18, 2019

**_Via ECF Filing_**
Hon. Paul G. Gardephe
U.S. District Court for the
Southern District of New York
40 Foley Square, Room 2204
New York, N.Y. 10007

Re:   *Graczyk v. Verizon Communications, Inc.*, S.D.N.Y. Case No. 18-cv-6465
      **Request for Approval of FLSA Settlement with PS Splicing, LLC**

Dear Judge Gardephe,

Your Honor's Individual Rules of Practice contain the following guidance on seeking approval of an FLSA settlement: "Parties seeking judicial approval of a FLSA settlement shall submit a letter to the Court (1) explaining why the proposed settlement reflects a reasonable compromise of disputed issues, rather than a mere waiver of statutory rights, and (2) presenting the Court with sufficient evidence to determine whether the settlement represents a fair and reasonable resolution of the disputes." *J. Gardephe Individual Rules of Practice in Civil Cases*, § IV(G); *accord Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). Please consider this submission as grounds for approving Plaintiffs' proposed settlement with PS Splicing, LLC ("PS Splicing") in the above-captioned matter.

**1. Litigation History**

In September 2016, Verizon strike replacement workers from Pennsylvania and New Jersey filed an FLSA collective action against Verizon Communications, Inc. ("VCI"), PS Splicing, LLC ("PS Splicing") and two other companies alleging employment misclassification and seeking unpaid overtime wages. *See Donoghue v. Verizon Communications, Inc.*, E.D. Pa. Case No. 16-cv-4742, Sept. 1, 2016 Complaint [Doc. 1]. In March 2017, the parties negotiated a settlement. In November 2017, the court entered an order granting final approval to the proposed settlement. *See Donoghue*, E.D. Pa. Case No. 16-cv-4742, Nov. 16, 2017 Final Approval Order [Doc. 86]. The *Donoghue* settlement required class members to return a claim form to receive their share of a $460,000.00 damages pool. *Id.* at p. 1. All FLSA collective members who returned a claim form received $2,509.15 and all state-law class members who returned a claim form received $3,009.15, with the additional $500.00 supporting a release of

1

their state court claim. *Donoghue*, E.D. Pa. Case No. 16-cv-4742, Nov. 6, 2017 Final Approval Memo, pp. 4, 24 [Doc. 84-2].

## 2. Procedural History

In June 2018, Verizon strike replacement workers from the District of Columbia filed this FLSA collective action against VCI and PS Splicing alleging a virtually-identical misclassification claim and seeking unpaid overtime wages. Complaint, ¶1 [Doc. 1]. The Parties engaged in early settlement discussions. In August 2018, VCI provided a list of seven people whom PS Splicing had hired to work for VCI in the District of Columbia during the strike. In September 2018, Plaintiffs made two demands to resolve all claims against Verizon and PS Splicing for these seven people. On January 3, 2019, the Parties appeared for an Initial Pretrial Conference at which, among other things, the Court encouraged the Parties to discuss settlement. That same day, Plaintiffs sent a third demand to resolve all claims against Verizon and PS Splicing for these seven people. By mid-January, Verizon had rejected Plaintiffs' settlement demands and ended their discussions, but PS Splicing had expressed serious interest in settling. By mid-February 2019, Plaintiffs and PS Splicing had reached agreement on most of the material terms of a proposed settlement. After a hiatus caused by an accident that resulted in serious injuries to PS Splicing's owner, the Parties finalized the terms of their Agreement on May 31, 2019.

## 3. Material Settlement Terms

Plaintiffs and PS Splicing, following extended, arm's-length negotiations that began in August 2018 and lasted through May 2019, have agreed to settle the FLSA and DCMWA claims belonging to the seven people it hired to work for Verizon in the District of Columbia on the following material terms:

- Plaintiffs will retain their rights to pursue FLSA and DCMWA claims against VCI;

- PS Splicing will pay an "all-in" total of $22,500.00 to resolve Plaintiffs' claims against it;

- Following approval, Plaintiffs' counsel will secure signed releases and W-9 forms from Plaintiffs and send them to counsel for PS Splicing;

- Within ten days of approval, PS Splicing will deliver Plaintiffs' checks to Plaintiffs' counsel;

- Plaintiffs Davis, Graczyk and Riddle will receive payments of $3,000.00;

- Plaintiffs Cady, Kamdar, Lowery and Thaxton will receive payments of $2,125.00;

- Plaintiffs' checks will be convertible for a period of 90 days;

- PS Splicing's payment is not subject to reversion, instead, any funds not claimed within 100 days of approval will be redistributed on a *pro rata* basis to the participating Plaintiffs; and

- Within ten days of approval, PS Splicing will deliver a check for $5,000.00 to Plaintiffs' counsel representing payments for attorneys' fees and costs.

*See* Settlement Agreement and Release (Exhibit A).

### 4. Evidence demonstrating the settlement represents a fair and reasonable resolution of the disputes

From April 13, 2016 to May 30, 2016, approximately 36,000 VCI employees went out on strike in ten states. Cpt, ¶¶ 13, 17 [Doc. 1]. Verizon secured replacement workers by entering into agreements with various business partners that called for the hiring of replacement workers. *Id.* at ¶¶ 13-17; Plaintiffs' Motion to Dismiss Opposition Memo, pp. 3-6 [Doc. 75]. Plaintiffs allege these workers were misclassified as independent contractors to avoid paying them overtime wages for the long weeks they worked during the strike. Cpt. at ¶¶ 1, 28-30, 38, 42 [Doc. 1]. Specifically, Plaintiffs claim to have worked about 90 hours per week during the Verizon strike, with all hours paid at a straight-time rate of $75.00. *Id.* at ¶¶ 28-30. Accepting these allegations as true would mean Plaintiffs are owed a maximum of $37.50 per hour (unpaid overtime premium) for 50 hours per week, or $1,875.00 for each week they worked during the Verizon strike.

### 5. The settlement reflects a reasonable compromise of disputed issues, rather than a mere waiver of statutory rights

Plaintiffs' proposed settlement with PS Splicing represents a reasonable compromise of disputed issues because it accounts for litigation risks that:

- Plaintiffs may not ultimately be able to prove they should have been classified as employees rather than independent contractors;

- The Court may deny Plaintiffs' pending Conditional Certification motion [Docs. 42-51] and require each Plaintiff to litigate his own claim and pursue his own recovery;

- The Court may enter a ruling on VCI's pending Motion to Dismiss [Docs. 68-69] that could impact Plaintiffs' ability to pursue their claims against PS Splicing;

- Every Plaintiff may not be able to prove he worked through all six weeks of the strike, *see* VCI Conditional Certification Opp. Br., p. 3 [Doc. 54]; and

- Every Plaintiff may not be able to prove he worked 90 hours per week;

- Every Plaintiff may not be able to prove he was paid $75.00 per hour;

3

- PS Splicing's owner, who has recently suffered a life-threatening injury, may be unable to pay a larger amount to resolve Plaintiffs' claims regardless of their merit.

Plaintiffs' proposed settlement with PS Splicing also represents a reasonable compromise of disputed issues because it provides payments similar in value to those made in the *Donoghue* litigation, *cf. Donoghue*, E.D. Pa. Case No. 16-cv-4742, Nov. 6, 2017 Final Approval Memo at pp. 4, 24 [Doc. 84-2] (describing average payment of $2,759.15) *with* Settlement Agreement and Release, p. 6 (Exhibit A) (describing average payment of $2,500.00), <u>while also preserving Plaintiffs' right to pursue additional damages from VCI for their FLSA and DCMWA claims up to the apparent maximum value of $11,250.00 per Plaintiff</u> ($1,875.00 per week x 6 weeks). *See* Cpt. at ¶¶ 1, 28-30, 38, 42 [Doc. 1]; Settlement Agreement and Release (Exhibit A).

The Parties' proposed settlement was reached only after thorough preliminary discovery of Plaintiffs' claims and arm's-length negotiations by experienced lawyers. It provides a fair result for the Plaintiffs and has received their strong support. The Parties have investigated the issues of law and fact presented in this case and believe that proceeding with their proposed settlement is favorable to the continued litigation of Plaintiffs' claims against PS Splicing, particularly in light of concerns about the Company's financial health. Nothing in the Parties' negotiations, or in the Settlement Agreement, provides any basis for doubting the fairness of their compromise. For the reasons detailed here, and in the referenced documents, Plaintiffs and PS Splicing respectfully submit that their proposed settlement is reasonable and deserving of approval through entry of the attached Proposed Order. We thank the Court for its consideration of this matter and are available at Your Honor's convenience to answer any questions about this submission.

Respectfully,

| | |
|---|---|
| */s/ David J. Cohen* | */s/ Michael Salmanson* |
| David J. Cohen | Michael J. Salmanson |
| STEPHAN ZOURAS, LLP | SALMANSON GOLDSHAW, P.C. |
| 604 Spruce Street | Two Penn Center, Suite 1230 |
| Philadelphia, PA 19106 | 1500 John F. Kennedy Blvd. |
| | Philadelphia, PA 19102 |

James B. Zouras
STEPHAN ZOURAS, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, IL 60601

Jeremiah Frei-Pearson
FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
445 Hamilton Avenue, Suite 605
White Plains, N.Y. 10601

cc: All record counsel (*via* ECF)